UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YINKA ADESHINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:22-cv-00906 (UNA) |
| v. | ) |
| | ) |
| | ) |
| GEORGE W. BUSH, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a resident of Tallahassee, Florida, sues approximately 36 defendants, nearly all of whom are public figures, including athletes, former United States Presidents, musical artists, television hosts, activists, actors, and business moguls. Preliminarily, the Local Rules of this court state that "[t]hose filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant," LCvR 5.1(c), which plaintiff has failed to do.

Plaintiff alleges that all of the defendants are "falsifying their ages on the internet" and that they all, on separate occasions and all over the country and world, have assaulted her. She cites only to the United States Criminal Code and the Uniform Code of Military Justice, seeking restitution under these various criminal statutes. However, "a private citizen lacks a judicially

1

cognizable interest in the [criminal] prosecution or nonprosecution of another," *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). Therefore, plaintiff may not initiate criminal proceedings against defendants by filing a complaint with this court. *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same). Similarly, the Plaintiff cannot compel a criminal investigation by any law enforcement agency by filing a complaint with the court. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

    Consequently, the court grants the IFP application and dismisses this case without prejudice. A separate order accompanies this memorandum opinion.

Dated: May 16, 2022

TREVOR N. McFADDEN  
United States District Judge